UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARCIA FIELDS,
    Plaintiffs

vs

SHERIFF (DEPUTY) JOHN
DOE, et al.,
    Defendants

Case No. 1:06-cv-668

(Beckwith, J.; Hogan, M.J.)

**REPORT AND RECOMMENDATION**

    This matter is before the Court on plaintiff's motion for preliminary injunction and to expedite hearing. (Doc. 6). Plaintiff seeks a preliminary injunction "enjoining the Brown County Health District, the Brown County Prosecutor's office, the Brown County Sheriff and any of the other defendants from furtherance of their acts of intimidation, threats, use of power 'under the color of state law,' to continue to violate plaintiff[']s Constitutional, Federal and State rights as per complaint filed (August 29th). See exhibit A) Letter from Brown County Health District per Dr. Christopher T. Haas–(September 25th, 2006) again condemning plaintiff[']s place of residence and exhibit B) Letter from Plaintiff to Dr. Haas (September 26th, 2006). " (Doc. 6 at 1) Plaintiff seeks a preliminary injunction "in the face of continued threats by defendants and their stated intention to condemn the plaintiff[']s home." (Doc. 6 at 2).

    On December 6, 2006, the Court held a hearing on plaintiff's motion for preliminary injunction. (Doc. 23). Subsequent to the hearing, the undersigned met with the parties in chambers in an attempt to mediate the dispute. At the status conference of January 18, 2006, plaintiff clarified that she seeks a preliminary injunction prohibiting the condemnation of her home by Brown County authorities.

    The parties have informed the Court that plaintiff and her family have resolved their

dispute with the Brown County Health Department/Brown County Health District. By separate Order issued this date, and in accordance with the agreement set forth in the letter of December 8, 2006 appended to the Court's Order, plaintiff has voluntarily dismissed from this federal lawsuit: (1) the Brown County Health District and its agents; and (2) all claims against the Brown County Health District and its agents, in exchange for the dismissal of the condemnation action against plaintiff and her family in the Brown County Court of Common Pleas. Since any threat of irreparable harm from the threatened condemnation of plaintiff's home has been abated by such agreement, plaintiff's motion for preliminary injunction should be denied as moot.[1]

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's motion for preliminary injunction and to expedite hearing (Doc. 6) be **DENIED** as moot.

Date: 1/19/2007         s/Timothy S. Hogan
                        Timothy S. Hogan
                        United States Magistrate Judge

---

[1] To the extent plaintiff's motion for preliminary injunction may be construed as seeking an order prohibiting the remaining defendants from continuing to violate plaintiff's civil rights, the motion should be denied. The evidence presented by plaintiff fails to show plaintiff will suffer irreparable harm absent an immediate injunction in this matter. *See Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991). In the event plaintiff succeeds on the merits of her claims, equitable relief is available to correct any constitutional deficiencies she has suffered.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARCIA FIELDS,                      Case No. 1:06-cv-668
    Plaintiffs

    vs                                (Beckwith, J.; Hogan, M.J.)

SHERIFF (DEPUTY) JOHN
DOE, et al.,
    Defendants

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

3

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Marcia Fields
P.O. Box 341
Batavia, OH 45103

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered      ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

7002 0860 0006 5230 5455

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-0835

1:06cv668 Doc. 32